WERNER Respondent, vs. ASHLAND LIGHTING COMPANY, Appellant.

*March 24 — April 11, 1893.*

*Explosion of gas escaping from defective pipes: Evidence.*

1. In an action against a gas company for injuries to a building and furniture caused by an explosion of gas which had escaped from defective pipes laid by the defendant, evidence that there was a smell of gas in the cellar about a year before the explosion was properly admitted where there was evidence that such smell was frequently observable after that time and up to about the time of the explosion.

2. The evidence first mentioned not having been objected to when offered, it was not error to refuse, at the close of the case, to strike it out, even if there was no evidence that the smell continued up to the time of the explosion.

3. The evidence as to the extent of the damage to certain articles, though meager, is *held* sufficient, in the absence of anything to controvert it.

APPEAL from the Circuit Court for *Ashland* County.

The action is for damages caused to plaintiff's building and the furniture therein by an explosion occurring in the building January 11, 1892. The plaintiff claims the explosion was caused by illuminating gas from the pipes of the defendant company, which accumulated in plaintiff's cellar by reason of the defective condition of said pipes laid by the company. The defendant contends that the explosion was not caused by its gas, and that if any such gas escaped it was from pipes within the building, which were laid and maintained by plaintiff. A special verdict was found by the jury, in which it was found (1) that plaintiff owned the property described in the complaint; (2) that defendant was a corporation manufacturing and furnishing gas to the citizens of Ashland; (3) that the explosion was caused by the escape of gas from pipes connected with de-

fendant's gas system: (4) that such gas escaped from pipes
laid by defendant, (5) and not from pipes laid by plaintiff;
(6) that the pipes from which the gas escaped were not laid in
a safe or proper manner when first laid; (7) that they after-
wards got out of repair, and so remained, and thereby
caused the explosion; (8) that plaintiff had no knowledge
of their dangerous condition before the explosion; (9) that
defendant did have such knowledge; (10) that plaintiff was
not guilty of contributory negligence; (11) that defendant's
negligence caused the injury; (12) that plaintiff's damages
were $1,725.50. No exceptions were taken to the charge
of the court. From judgment for plaintiff on the verdict,
defendant appeals.

For the appellant there was a brief by *Tomkins & Mer-
rill*, and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Rossman &
Foster*, and oral argument by *Geo. P. Rossman.* They
argued, among other things, that a gas company is bound
to exercise such care and skill in the manufacture and trans-
mission of the gas as the nature of the business requires to
prevent injury to others, and is liable for any negligence
in omitting such duty whereby damage results. *Holly v.
Boston G. L. Co.* 8 Gray, 123; *Chisholm v. Atlanta G. L.
Co.* 57 Ga. 28; *Emerson v. Lowell G. L. Co.* 3 Allen, 410;
*Butcher v. Providence G. Co.* 12 R. I. 149, 34 Am. Rep.
626; *Gas Co. v. Robinson*, 99 Pa. St. 1. The defendant is
liable for injury resulting from failing to properly repair
leaks when notified that they exist. *Schermerhorn v. Met-
ropolitan G. L. Co.* 5 Daly, 144; *Lannon v. Albany G. L.
Co.* 44 N. Y. 459; *Hunt v. Lowell G. L. Co.* 3 Allen, 418; 2
Lawson, R., R. & Pr. sec. 577. The defendant is also liable
for injuries resulting from the escape of gas from its pipes
on account of defects in them. *Brown v. N. Y. G. L. Co.*
Anth. N. P. 351; *Sherman v. Fall River I. Works*, 2 Allen,

524; 2 Lawson, R., R. & Pr. sec. 577.  Proof of the escape of gas makes a *prima facie* case of negligence.  *Smith v. Boston G. L. Co.* 129 Mass. 318; *Fare v. Bath G. L. & C. Co.* 25 Gas J. 566, Greenough, Dig. Gas Cas. 111.

WINSLOW, J.  If the findings of the special verdict were supported by the evidence, and there were no material errors in the rulings upon the evidence, it seems entirely clear that the judgment was right.  The defendant claims that the evidence was insufficient to show either that the explosion was caused by gas which escaped from its system, or that, if so, such escape was from any pipe laid or maintained by the defendant.  The evidence was quite long, and we shall not attempt to review it.  In our judgment there was sufficient evidence to warrant the jury in finding as they did upon both of these questions.

One Boyd, a former occupant of the building, testified for plaintiff that he smelled gas in the cellar of the building frequently during the winter and spring of 1891.  No objection to the testimony was made when offered, but defendant, at the close of the case, moved to strike the same out, on the ground that there was no evidence to show that such smell continued up to the time of the explosion, which motion was overruled.  As we read the testimony of the witness Marshall, there is evidence tending to show that the smell of gas was frequently observable in the cellar after Boyd left the building, and up to about the time of the explosion; but if we are wrong about this, we do not think the court erred in refusing to strike out the testimony, it having been received without objection in the first instance.

A cash register and large mirror were damaged by the explosion, and defendant claims that the evidence was insufficient to show the extent to which they were damaged by the explosion, and that the amounts allowed by the

jury for injury to these two articles should not have been allowed. The evidence is meager on these points, but, in the absence of anything to controvert it, we cannot say it is insufficient.

*By the Court.*— Judgment affirmed.